IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30631-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LUIS CISNEROS VALENCIA, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Luis Cisneros Valencia appeals the amended judgment and sentence entered following his 2010 conviction for attempted residential burglary. Specifically, Mr. Valencia appeals the sentencing court's finding that he has the current or future ability to pay legal financial obligations as clearly erroneous.[1]

---

[1] In his Statement of Additional Grounds for Review, Mr. Valencia also raises the question of whether the superior court violated the public's constitutional right of access to criminal proceedings and his constitutional right to be present at critical stages of the proceedings for a scheduled November 23, 2011 hearing to amend the judgment and sentence. However, the lower court struck that hearing so no violations occurred. We do not address the rest of Mr. Valencia's claimed errors because we lack any record from which to review these allegations.

No. 30631-3-III
State v. Valencia

## FACTS

Mr. Valencia committed the crime of attempted residential burglary on January 13, 2010. A Benton County jury found him guilty of the crime on December 8, 2010. Benton County Superior Court entered a felony judgment and sentence against Mr. Valencia on January 5, 2011, but miscalculated his offender score. Acting pro se, Mr. Valencia sought relief correcting this error. The superior court amended the judgment and sentence on January 5, 2012, using the correct offender score.

The court also reaffirmed its initial order of costs and restitution: a $500 victim assessment fee, a $100 DNA[2] collection fee, $1,952.50 in other costs, and restitution in the amount of $908.45. Mr. Valencia now appeals the imposition of costs and restitution. He argues that the trial court exceeded its sentencing authority because it cannot order legal financial obligations without evidence to support a finding that Mr. Valencia has the current or future ability to pay as required by RCW 10.01.160(3).

## ANALYSIS

The question of whether the sentencing court erred by finding a current or future ability to pay costs and restitution is not properly before this court. In neither the original judgment and sentence, nor the amended judgment and sentence did the lower court find that Mr. Valencia "has the ability or likely future ability to pay the legal financial

---

[2] Deoxyribonucleic acid.

2

obligations imposed" by the court. Most felony judgment and sentence forms have this finding set forth as boiler plate. But in this case, that finding is not in the boiler plate; instead, it is set forth in an optional checkbox. The sentencing court never checked the box; thus, it never made the finding. Nor did the court make such a finding during either of the sentencing hearings. Accordingly, the finding that Mr. Valencia appeals does not exist.

In the absence of a finding of current or future ability to pay, the question turns to whether the trial court can still order the payment of costs and restitution. The answer to this question comes from *Bertrand*. *State v. Bertrand*, 165 Wn. App. 393, 267 P.3d 511 (2011), *review denied*, 175 Wn.2d 1014 (2012). In *Bertrand*, the Court of Appeals reversed the sentencing court's finding of current or future ability to pay as clearly erroneous due to a complete lack of evidence to support the finding. *Id.* at 404. Without a finding of current or future ability to pay the court in *Bertrand* still affirmed the imposition of legal financial obligations, leaving any further challenge to the legal financial obligations for when the State seeks to collect the obligation. *Id.* at 405 (citing *State v. Baldwin*, 63 Wn. App. 303, 310, 818 P.2d 1116, 837 P.2d 646 (1991)). The only effect that the lack of a finding of current or future ability to pay currently has on the judgment and sentence is that it "forecloses the ability of the Department of Corrections to begin collecting LFOs from [the defendant] until after a future determination of [the

3

No. 30631-3-III
State v. Valencia

defendant's] ability to pay." *Id.* at 405. If Mr. Valencia does not want to wait until the State attempts to collect on the obligation, then he can bring a motion in superior court at any time to waive or terminate the LFOs due to manifest hardship. RCW 10.01.160(4); *State v. Smits*, 152 Wn. App. 514, 524-25, 216 P.3d 1097 (2009).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, C.J.

WE CONCUR:

Brown, J.

Siddoway, J.

4